UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA ANN KOTZ | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00410-SEP |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Martin O'Malley, the Acting Commissioner of Social Security, denying the application of Plaintiff Linda Ann Kotz for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Plaintiff's application.

**I. BACKGROUND**

On August 1, 2018, Plaintiff filed for DIB, and on May 12, 2020, Plaintiff applied for SSI (Tr. 143-148; 222-239), alleging that she had been unable to work due to disability since February 8, 2018. Plaintiff alleged disability due to depression, nerve pain, hip bursitis, and vaginal burning. (Tr. 145; 226). Her application was denied by an Administrative Law Judge (ALJ) on March 20, 2020, following a hearing. (Tr. 13-59; 2777-2796). Plaintiff appealed that decision to the United States District Court for the Eastern District of Missouri, but then on the Social Security Administration's (SSA) own motion, the district court remanded the case for further consideration on December 1, 2021. (Tr. 2814-2816).

Following another hearing on October 3, 2022, (Tr. 2759-2776) the ALJ, in an opinion issued on December 2, 2022, the ALJ again found Plaintiff was not disabled as defined in the Act. (Tr. 2737-2758). Plaintiff filed a Request for Review of Hearing Decision with the SSA's Appeals Council, which denied her Request for Review. (Tr. 1-7). Plaintiff has exhausted all

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 15(d), O'Malley is substituted for Kilolo Kijakazi as Defendant in this suit. *See* 42 U.S.C. § 405(g).

administrative remedies, and the decision of the ALJ stands as the final decision of the Social Security Administration.

## II.     STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992).  The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a);[2] *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process).  At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611.  At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611.  At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611.  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

---

[2]  All references throughout this opinion are to the version of the regulations that was in effect as of the date of the ALJ's decision.

2

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [his or her] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e). At Step Four, the Commissioner determines whether the claimant can return to his past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, she is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.* At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if she cannot make such an adjustment, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date; that Plaintiff has the severe impairments of post partial hysterectomy, vaginal atrophy, myofascial pain syndrome, obesity, degenerative disc disease, and osteoarthritis of the hips; and that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 2742-2746). The ALJ found that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), but that she cannot climb ladders, ropes or scaffolds; cannot balance; can only occasionally climb ramps and stairs, stoop, kneel, crouch, or crawl; cannot work at unprotected heights or around hazardous moving machinery; can tolerate only occasional exposure to extreme cold or vibrations; and that she should be allowed to alternate sitting with standing for five minutes for every hour seated while remaining on task. (Tr. 2746).

The ALJ found that Plaintiff's impairments did not preclude her from her past relevant work, which included various sedentary secretarial positions. (Tr. 2750). Accordingly, the ALJ concluded that Plaintiff was not disabled, as defined in the Act, from the alleged onset date through the date of the decision. *Id*.

## IV.   STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942; *see also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). But the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.   DISCUSSION

Plaintiff challenges the ALJ's decision, asserting that (1) substantial evidence does not support the ALJ's RFC determination, and (2) the ALJ did not properly evaluate her subjective complaints of pain. Defendant argues that the ALJ properly evaluated and considered all

4

evidence of record when reaching the RFC, including the opinion evidence and Plaintiff's subjective complaints of pain, and that substantial evidence otherwise supports the ALJ's determination.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs. Based on a careful review of the record, and for the reasons stated in the ALJ's opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

In particular, the Court finds that the ALJ's RFC determination is supported by substantial evidence, including sufficient medical evidence. *See* Tr. 169-72; *Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 518 (8th Cir. 2019) ("We do not require that every aspect of an RFC finding 'be supported by a specific medical opinion,' only that it 'be supported by some medical evidence of the claimant's ability to function in the workplace.'" (quoting *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016)). And the Court finds that the ALJ's evaluation of Plaintiff's subjective complaints "is supported by substantial evidence on the record as a whole," which is sufficient to merit the deference of this Court. *Swink v. Saul*, 931 F.3d 765, 771 (8th Cir. 2019); *see also Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) ("[A]n ALJ need not explicitly discuss each factor . . . and we will defer to credibility determinations that are supported by good reasons and substantial evidence." (internal citation omitted)); Tr. 172-73 (citing objective medical evidence, claimant's reported daily activities, and the reported effectiveness of medications). The ALJ did not find that Plaintiff had no pain, nor did she disregard Plaintiff's allegations concerning her pain levels. Rather, she noted that Plaintiff experienced ongoing pain after her hysterectomy, and that she had tried multiple treatments and therapies with varying levels of success. (Tr. 2747-2748). And, to account for Plaintiff's pain,

5

the ALJ limited Plaintiff to a reduced range of sedentary work, with a specific accommodation in the RFC recognizing Plaintiff's need to alternate sitting and standing. (Tr. 2749). *See Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996) ("[T]he mere fact that working may cause pain or discomfort does not mandate a finding of disability.").

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI. CONCLUSION

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record. Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 25th day of March, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE